E-FILED
Tuesday, 01 December, 2015 09:27:13 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Case No. 7:14-CV-157 –D (E.D.N.C.)



FILED
NOV 2 4 2015
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

15-mc-3021

| | |
|---|---|
| CTB, INC. | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) MOTION TO COMPEL ) COMPLIANCE WITH SUBPOENA ) BY THIRD PARTY |
| HOG SLAT, INCORPORATED | ) ) |
| Defendant. | ) ) ) |

NOW COMES Defendant, Hog Slat, Inc. ("Defendant" or "Hog Slat"), by its attorneys, as and for its Motion to Compel Compliance with Subpoena By Third Party, and pursuant to Federal Rule of Civil Procedure 37, alleges as follows:

1. That the above-captioned matter is filed and pending in the United States District Court for the Eastern District of North Carolina, Southern Division.

2. That on or about May 21, 2015, the Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action, attached as Exhibit "A" (hereinafter "Third Party Subpoena") was issued and directed to Third Party The GSI Group, LLC (hereinafter "GSI").

3. That the aforementioned Third Party Subpoena was issued by, and pursuant to Federal Rule of Civil Procedure 37 this motion is proper in, the United States District Court for the Central District of Illinois because GSI is located within the jurisdiction of the same.

4. That the aforementioned Third Party Subpoena required GSI to appear and produce certain items on or about June 8, 2015, and to permit inspections, copying, or sampling of the material.

5. That despite repeated attempts to accommodate GSI and make proper arrangements for the production of the items, GSI has failed and refused to produce said items as required by the Third Party Subpoena. See attached declarations of Attorneys Kacy L. Hunt and Neil C. Magnusion, attached as Exhibits "B" and "C", respectively.

6. That the Third Party Subpoena deadline of June 8, 2015 has passed and the items have still not been produced by GSI.

7. That pursuant to Federal Rule of Civil Procedure 37, attorneys for Defendant, Hog Slat, Inc., have, in good faith, conferred with legal representatives of GSI to accommodate production of the required items, and contacted GSI to request the items be produced without further court action.

8. That a discovery deadline of October 26, 2015 is pending in the above-captioned matter.

    WHEREFORE, by reason of the premises, Defendant, Hog Slat, Inc., hereby requests that this Honorable Court order GSI to comply with the Third Party Subpoena previously issued, forthwith, and further order that GSI pay Defendant, Hog Slat, Inc.'s reasonable expenses in making and filing this Motion to Compel, and for such other and further relief as this Court deems just and reasonable given the circumstances.

Dated this 18th day of November, 2015.

                                    Respectfully submitted,

                                    THE LAW OFFICES OF CRAIG A. HANSEN


                                    /s/ Paul E. Petruska
                                    Paul E. Petruska, (IL Bar No. 6231202)
                                    701 Market Street, Suite 200
                                    St. Louis, MO  63101
                                    Phone: (314) 436-2775
                                    Fax: (314) 436-0546
                                    paul.petruska@zurichna.com
                                    Attorneys for Hog Slat, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed, postage pre-paid, this 20th day of _November_, 20_15_ to:

The GSI Group, LLC
1004 East Illinois Street
Assumption, IL 62510

Christopher Bradley Clare
Clark Hill, PLC
601 Pennsylvania Ave., NW
North Bldg., Suite 1000
Washington, DC 20004
202-572-8671
202-572-8691 (fax)
cclare@clarkhill.com
Atty for CTB, Inc.

Eric Dorkin
Clark Hill PLC
150 North Michigan Avenue, Suite 2700
Chicago, IL 60601
(312) 985-5933
(312) 985-5983 (fax)
edorkin@clarkhill.com
Atty for CTB, Inc.

Anthony Terrell Lathrop
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
704-331-3596
704-339-5896 (fax)
tonylathrop@mvalaw.com
Atty for CTB, Inc.

David J. Marr
Clark Hill PLC
150 North Michigan Ave., Suite 2700
Chicago, IL 60601

312-985-5558
312-985-5963 (fax)
dmarr@clarkhill.com
Atty for CTB, Inc.

Timothy M. McCarthy
Clark Hill PLC
150 North Michigan Avenue, Suite 2700
Chicago, IL 60601
312-985-5561
312-985-5961 (fax)
tmccarthy@clarkhill.com
Atty for CBT, Inc.

James A. O'Malley
Clark Hill PLC
150 North Michigan Ave., Suite 2700
Chicago, IL 60601
312-985-5562
312-985-5963 (fax)
jomalley@clarkhill.com
Atty for CBT, Inc.

Jennifer L. Woods
Clark Hill PLC
150 North Michigan Ave., Suite 2700
Chicago, IL 60601
312-985-5931
312-985-5963 (fax)
jwoods@clarkhill.com
Atty for CBT, Inc.

Gilbert C. Laite, III
Williams Mullen
300 North Third St., Suite 420
Wilmington, NC 28401
910.442.2776
910.256.6451 (fax)
glaite@williamsmullen.com
Atty for Hog Slat, Inc.

Richard T. Matthews
Williams Mullen
301 Fayetteville St., Suite 1700
P. O. Box 1000
Raleigh, NC 27601

919-981-4000
919-981-4300 (fax)
rmatthews@williamsmullen.com
Atty for Hog Slat, Inc.

Robert C. Van Arnam
Williams Mullen
301 Fayetteville St., Suite 1700
P. O. Box 1000
Raleigh, NC 27601
919-981-4055
919-981-4300 (fax)
rvanarnam@williamsmullen.com
Atty for Hog Slat, Inc.



_____/s/ Paul E. Petruska_____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| CTB, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 7:14-CV-157-D (E.D.N.C.) |
| Hog Slat, Incorporated | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The GSI Group, LLC, 1004 East Illinois Street, Assumption, Illinois 62510

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A hereto.

| Place: Husch Blackwell LLP, c/o Christopher W. Hamlin, Esq., 4240 Duncan Avenue, St. Louis, MO 63110 | Date and Time: June 8, 9:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/21/2015

CLERK OF COURT                                   OR  *[signature]*

*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Hog Slat, Incorporated                                                                 , who issues or requests this subpoena, are:
Neil C. Magnuson, NC Bar No. 40272, (919) 981-4316, nmagnuson@williamsmullen.com; Williams Mullen, Raleigh, NC

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

1. The terms "you," "your," and "GSI" mean GSI Group, Inc. and any entities or divisions owned in whole or part by, or otherwise affiliated with, GSI, including without limitation Cumberland, and any officers, directors, employees, agents, representatives, servants, and/or other persons acting or purporting to act on behalf of any of the foregoing entities or divisions.

2. The term "Hog Slat" means Hog Slat, Incorporated, including its officers, directors, employees, agents, representatives, servants, and/or other persons acting or purporting to act on behalf of Hog Slat.

3. The term "CTB" means CTB, Inc., including its officers, directors, employees, agents, representatives, servants, and/or other persons acting or purporting to act on behalf of CTB.

4. The term "Hog Slat Products" means GrowerSELECT Classic Flood poultry feeders, or any component parts thereof.

5. The term "Action" means the civil action *CTB, Inc. v. Hog Slat Incorporated*, Civil Action No. 7:14-CV-00157 (E.D.N.C., Southern Div.).

6. "And" and "or" have both conjunctive and disjunctive meanings as required by the context to elicit all information discoverable within the broadest scope of these requests.

7. "Any" and "all" mean "each and every."

8. "Communicate" and "communication" mean any statement, meeting, conversation, or transmittal of information or request for information, whether written, oral, electronic, or any other means.

9. "Documents" has the definitions set forth in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes all "electronically stored information" as that term is used in Rule 34(a) of the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show each poultry feeder product created, produced, sold, and/or distributed by you that uses or used the color red, the color gray, or any combination thereof.

2. For each poultry feeder product created, produced, sold, and/or distributed by you that uses or used the color red, the color gray, or any combination thereof, documents sufficient to show the date that you first sold such product.

3. For each poultry feeder product created, produced, sold, and/or distributed by you that uses or used the color red, the color gray, or any combination thereof, documents sufficient to show the date that you most recently sold such product.

4. Any documents or communications reflecting or concerning requests or demands by CTB that you cease the creation, production, sale, and/or distribution of any poultry feeder product that uses or used the color red, the color gray, or any combination thereof.

5. Documents sufficient to show each poultry feeder product created, produced, sold, and/or distributed by you that has a pan, as well as a grill having between 8 and 14 spokes, inclusive.

6. For each poultry feeder product created, produced, sold, and/or distributed by you that has a pan, as well as a grill having between 8 and 14 spokes, inclusive, documents sufficient to show the date that you first sold such product.

7. For each poultry feeder product created, produced, sold, and/or distributed by you that has a pan, as well as a grill having between 8 and 14 spokes, inclusive, documents sufficient to show the date that you most recently sold such product.

8. Any documents or communications reflecting or concerning requests or demands by CTB that you cease the creation, production, sale, and/or distribution of any poultry feeder product that has a pan, as well as a grill having between 8 and 14 spokes, inclusive.

9. Any communications between you and CTB that refer to Hog Slat, the Action, and/or any products created, produced, and/or distributed by Hog Slat, including without limitation the Hog Slat Products.

# WILLIAMS MULLEN

Direct Dial: 919-981-4316
nmagnuson@williamsmullen.com

May 21, 2015

**BY FEDERAL EXPRESS**

The GSI Group, LLC
1004 East Illinois Street
Assumption, Illinois 62510

RE:   *CTB, Inc. v. Hog Slat, Incorporated*, Case No. 7:14-CV-157-D (E.D.N.C.)

Dear Sirs:

We are counsel to Hog Slat, Incorporated ("Hog Slat") in the above referenced action. Included herewith is a subpoena to produce documents in connection with the action. Hog Slat appreciates your assistance and will work to reduce your burden in responding to the subpoena as much as possible.

We are willing to accommodate your method of production of responsive material. You may choose to produce the requested documents at the date, time, and location directed in the subpoena, and then wait for them to be copied. Alternatively, and preferably, you may mail the documents, on or before June 5, 2015, directly to Robert C. Van Arnam, Williams Mullen PC, 301 Fayetteville Street, Suite 1700, Raleigh, NC, 27601, email them to rvanarnam@williamsmullen.com, or otherwise cooperate to electronically transmit them to our firm by other means.

If you have any questions, please contact the undersigned. We appreciate your time and assistance with this matter.

Sincerely,

Neil C. Magnuson

cc:   Hog Slat, Incorporated
      Robert C. Van Arnam, Esq.

>finding yes

301 Fayetteville Street, Suite 1700 (27601) P.O. Box 1000 Raleigh, NC 27602  T 919.981.4000  F 919.981.4300  williamsmullen.com
DC NC VA | A Professional Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No: 7:14-CV-157 –D (E.D.N.C.)

| | |
|---|---|
| CTB INC., <br><br> Plaintiff, <br><br> v. <br><br> HOG SLAT, INCORPORATED, <br><br> Defendant. | DECLARATION OF KACY L. HUNT |

KACY L. HUNT, being first duly sworn, deposes and says as follows:

1. I am over the age of 18 and am competent to make this Declaration. I have personal knowledge of all facts stated herein.

2. I am an attorney in the Raleigh office of Williams Mullen. Williams Mullen serves as counsel to Defendant Hog Slat, Incorporated ("Hog Slat") in the above-captioned matter.

3. On May 21, 2015, Hog Slat issued a subpoena to third-party The GSI Group, LLC ("GSI") in the above-captioned matter ("Subpoena").

4. On August 21, 2015, I spoke with Patrick Rykhus, counsel for GSI, via telephone regarding the Subpoena. Mr. Rykhus informed me that GSI was working on its response to the Subpoena, which, pursuant to the Subpoena, was due by June 8, 2015.

5. I followed up with Mr. Rykhus via telephone on August 27, 2015 and left a voicemail. Mr. Rykhus returned my call on August 28, 2015 and left a voicemail for me stating that he was working on the Subpoena response and that it was a priority for him.

6. On September 1, 2015, I again called Mr. Rykhus to follow up on the response to the Subpoena and Mr. Rykhus again stated that he was working on the response.



EXHIBIT "B"

29032235_1

7. On September 8, 2015, I again called Mr. Rykhus and left a voicemail for him stating that GSI's response to the Subpoena must be received by September 11, 2015. I did not receive a response.

8. My colleague Robert Van Arnam from Williams Mullen also attempted to communicate with Mr. Rykhus, most recently on November 9, 2015. Neither he nor I received a response.

This the 11th day of November, 2015

Kacy L. Hunt

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No: 7:14-CV-157 –D (E.D.N.C.)

| | | |
|---|---|---|
| CTB INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HOG SLAT, INCORPORATED,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) | DECLARATION OF NEIL C. MAGNUSON |

NEIL C. MAGNUSON, being first duly sworn, deposes and says as follows:

1.   I am over the age of 18 and am competent to make this Declaration. I have personal knowledge of all facts stated herein.

2.   I am an attorney in the Raleigh office of Williams Mullen. Williams Mullen serves as counsel to Defendant Hog Slat, Incorporated ("Hog Slat") in the above-captioned matter.

3.   On May 21, 2015, Hog Slat issued a subpoena to third-party The GSI Group, LLC ("GSI") in the above-captioned matter ("Subpoena").

4.   On June 3, 2015, I spoke with Patrick Rykhus, counsel for GSI, via telephone regarding the Subpoena. Mr. Rykhus informed me that GSI was working on its response to the Subpoena, which, pursuant to the Subpoena, was due by June 8, 2015. Mr. Rykhus requested, and I agreed to, a short extension of the response deadline for approximately a week so that Mr. Rykhus and GSI could complete the collection of responsive documents.

5.   After receiving no further communications from Mr. Rykhus, I again called him on July 1, 2015 and left a voicemail requesting that he call me back regarding the Subpoena. I did not receive a response.

EXHIBIT "C"

6.    On August 13, 2015, I again called Mr. Rykhus requesting a response to the Subpoena, but again received no response.

This the 11th day of November, 2015

_____
Neil C. Magnuson